UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIEL STELLATO, HANNAH BUCKLEY, REBEKAH COHEN, IMANI SCHULTERS, MIAH LATVALA, and MIKAYLA FALLON, individually and on behalf of all other similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>HOFSTRA UNIVERSITY,<br><br>                      Defendant. | **ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Civil Action No. 2:20-cv-01999-GRB-ARL |

Defendant, Hofstra University ("Defendant," "Hofstra" or the "University"), through its undersigned counsel, answers the Consolidated Class Action Complaint as follows:

1. Paragraph 1 does not contain factual allegations to which a response is required; but to the extent the paragraph is interpreted to contain any factual allegations, DENIES any allegations contained in said paragraph.

2. DENIES the allegations in paragraph 2.

3. DENIES the allegations in paragraph 3.

4. DENIES the allegations in paragraph 4.

5. DENIES the allegations in paragraph 5.

6. DENIES the allegations in paragraph 6, except admits only that Plaintiffs purport to seek compensation for certain tuition and fees.

7. With respect to paragraph 7, DENIES the allegations, except ADMITS that Plaintiff Stellato was enrolled as an undergraduate student at the University during the 2019-2020 academic year and that Plaintiff paid certain tuition and fees for the Spring 2020 semester and states that Plaintiff Stellato received approximately $33,000 in

3645539.2

financial assistance for the Spring 2020, semester, including scholarships in the amount of $10,000; and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations regarding Plaintiff Stellato's residence and alleged attendance and access to campus resources and facilities.

8. With respect to paragraph 8, DENIES the allegations, except ADMITS that Plaintiff Buckley was enrolled as an undergraduate student at the University during the 2019-2020 academic year and that Plaintiff paid certain tuition and fees for the Spring 2020 semester, and states that Plaintiff Buckley received approximately $34,000 in financial assistance for the Spring 2020, semester, including a scholarship in the amount of $13,500; and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations regarding Plaintiff Buckley's residence and alleged attendance and access to campus resources and facilities.

9. With respect to paragraph 9, DENIES the allegations, except ADMITS that Plaintiff Cohen was enrolled as a law student at the University during the 2019-2020 academic year and that Plaintiff paid certain tuition and fees for the Spring 2020 semester and states that Plaintiff Cohen received approximately $43,456 in financial assistance for the Spring 2020, semester, including scholarships in the amount of $2,500; and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations regarding Plaintiff Cohen's residence and alleged attendance and access to campus resources and facilities.

10. With respect to paragraph 10, DENIES the allegations, except ADMITS that Plaintiff Schulters was enrolled as an undergraduate student at the University during the 2019-2020 academic year and that Plaintiff paid certain tuition and fees for

3645539.2

the Spring 2020 semester and states that Plaintiff Schulters received approximately $10,750 in financial assistance for the Spring 2020, semester, including scholarships in the amount of $10,750; and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations regarding Plaintiff Schulters' residence and alleged attendance and access to campus resources and facilities.

11. With respect to paragraph 11, DENIES the allegations, except ADMITS that Plaintiff Latvala was enrolled as an undergraduate student at the University during the 2019-2020 academic year and that Plaintiff paid certain tuition and fees for the Spring 2020 semester and states that Plaintiff Latvala received approximately $36,000 in financial assistance for the Spring 2020, semester, including scholarships and grants in the amount of $15,447; and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations regarding Plaintiff Latvala's residence and alleged attendance and access to campus resources and facilities.

12. With respect to paragraph 12, DENIES the allegations, except ADMITS that Plaintiff Fallon was enrolled as an undergraduate student at the University during the 2019-2020 academic year and that Plaintiff paid certain tuition and fees for the Spring 2020 semester and states that Plaintiff Fallon received approximately $7,250 in financial assistance for the Spring 2020, semester, including scholarships and grants in the amount of $7,250; and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations regarding Plaintiff Fallon's residence and alleged attendance and access to campus resources and facilities.

13. With respect to paragraph 13, DENIES the allegations, except ADMITS that the University is located in Hempstead, New York.

3645539.2

14. Paragraph 14 states a legal conclusion, which is neither admitted nor denied, but which is submitted to the Court.

15. Paragraph 15 states a legal conclusion, which is neither admitted nor denied, but which is submitted to the Court.

16. Paragraph 16 states a legal conclusion, which is neither admitted nor denied, but which is submitted to the Court.

17. ADMITS the allegations in paragraph 17.

18. ADMITS the allegations in paragraph 18.

19. DENIES the allegations in paragraph 19.

20. With respect to paragraph 20, DENIES the allegations, except states that the referenced website speaks for itself.

21. DENIES the allegations in paragraph 21.

22. With respect to paragraph 22, DENIES the allegations, except sates that the referenced website speaks for itself.

23. DENIES the allegations in paragraph 23.

24. With respect to paragraph 24, DENIES the allegations, except states that the referenced website speaks for itself.

25. DENIES the allegations in paragraph 25.

26. With respect to paragraph 26, DENIES the allegations, except states that the University published Bulletins that set forth the academic offerings available during the 2019-2020 academic year, and further states that the referenced Bulletin and the referenced March 8, 2020 update speak for themselves.

27. DENIES the allegations in paragraph 27.

3645539.2

28. With respect to paragraph 28, states that the University published the tuition and fees applicable to the 2019-2020 academic year on its website, a copy of which is attached as **Exhibit A**, and such website speaks for itself.

29. With respect to paragraph 29, DENIES the allegations, except states that the website speaks for itself.

30. With respect to paragraph 30, DENIES the allegations, except states that the Bulletins that set forth the academic offerings for the 2019-2020 academic year speak for themselves.

31. With respect to paragraph 31, DENIES the allegations, except states that the University published the tuition and fees applicable to the 2019-2020 academic year on its website (a copy of which is attached as Exhibit A) and such website speaks for itself.

32. With respect to paragraph 32, DENIES the allegations, except ADMITS that Plaintiffs were enrolled as students at Hofstra in the Spring 2020 semester.

33. DENIES the allegations in paragraph 33.

34. With respect to paragraph 34, DENIES the allegations, except states that the website speaks for itself.

35. With respect to paragraph 35, DENIES the allegations, except states that the website speaks for itself.

36. With respect to paragraph 36, DENIES the allegations, except states that the website speaks for itself.

37. With respect to paragraph 37, DENIES the allegations, except states that the website speaks for itself.

3645539.2

38. DENIES the allegations in paragraph 38.

39. With respect to paragraph 39, DENIES the allegations, except ADMITS that Hofstra published the referenced Bulletin and the 2019-2020 student handbook, a copy of which is attached as **Exhibit B**.

40. DENIES the allegations in paragraph 40.

41. With respect to paragraph 41, DENIES the allegations, except states that the Bulletin speaks for itself.

42. With respect to paragraph 42, DENIES the allegations, except states that the Bulletin speaks for itself.

43. With respect to paragraph 43, DENIES the allegations, except states that the Bulletin speaks for itself.

44. With respect to paragraph 44, DENIES the allegations, except states that the Bulletin speaks for itself.

45. With respect to paragraph 45, DENIES the allegations, except states that the student handbook speaks for itself.

46. With respect to paragraph 46, DENIES the allegations, except states that the website speaks for itself.

47. DENIES the allegations in paragraph 47.

48. With respect to paragraph 48, DENIES the allegations, except ADMITS that Hofstra published an Academic Calendar for the 2019-2020 semester for undergraduates, and an Academic Calendar for the 2019-2020 semester for law students, which are attached as **Exhibits C and D**, and states that such Academic Calendars speak for themselves.

3645539.2

49. With respect to paragraph 49, DENIES the allegations, except ADMITS that Plaintiffs were enrolled as students at Hofstra during the Spring 2020 semester.

50. DENIES the allegations in paragraph 50.

51. With respect to paragraph 51, states that on March 8, 2020, the University issued the statement attached as **Exhibit E**, which statement speaks for itself.

52. With respect to paragraph 52, states that on March 10, 2020, the University issued the statement attached as **Exhibit F**, which statement speaks for itself.

53. With respect to paragraph 53, states that on March 12, 2020 and March 17, 2020, the University issued the statements attached as **Exhibits G and I**, which statements speak for themselves.

54. With respect to paragraph 54, states on that on March 15, 2020, the University issued the statement attached as **Exhibit H**, which statement speaks for itself.

55. With respect to paragraph 55, DENIES the allegations, except states that on March 17, 2020, the University issued the statement attached as **Exhibit I**, which statement speaks for itself.

56. With respect to paragraph 56, DENIES the allegations, except states that the statements issued by the University on March 8, 10, 12, 15 and 17 speak for themselves.

57. With respect to paragraph 57, DENIES the allegations, except states that the University's website publication of the tuition and fees applicable to the 2019-2020 academic year (attached as Exhibit A) speaks for itself.

58. DENIES the allegations in paragraph 58.

59. DENIES the allegations in paragraph 59.

60. With respect to paragraph 60, DENIES the allegations, except states that the statements issued by the University on March 8, 10, 12, 15 and 17 speak for themselves.

61. DENIES the allegations in paragraph 61.

62. With respect to paragraph 62, DENIES the allegations regarding the services provided during the Spring 2020 semester, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of any remaining allegations in said paragraph.

63. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 63.

64. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 64.

65. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 65.

66. DENIES the allegations in paragraph 66.

67. With respect to paragraph 67, DENIES the allegations, except ADMITS that the University took measures that were necessary to protect public health.

68. DENIES the allegations in paragraph 68, except admits only that Plaintiffs purport to seek compensation for certain tuition and fees.

3645539.2

69. Paragraph 69 does not state a factual allegation to which a response is required; but to the extent a response is required, DENIES that class certification is appropriate.

70. Paragraph 70 states a legal conclusion, which is neither admitted nor denied, but which is submitted to the Court; but to the extent a response is required, DENIES that class certification is appropriate, and DENIES that Plaintiffs or the purported class members suffered damages.

71. Paragraph 71 states a legal conclusion, which is neither admitted nor denied, but which is submitted to the Court; but to the extent a response is required, DENIES that class certification is appropriate.

72. Paragraph 72 states a legal conclusion, which is neither admitted nor denied, but which is submitted to the Court; but to the extent a response is required, DENIES that class certification is appropriate, and DENIES that Plaintiffs or the purported class members suffered damages.

73. Paragraph 73 states a legal conclusion, which is neither admitted nor denied, but which is submitted to the Court; but to the extent a response is required, DENIES that class certification is appropriate, and DENIES that Plaintiffs or the purported class members suffered damages.

74. Paragraph 74 states a legal conclusion, which is neither admitted nor denied, but which is submitted to the Court; but to the extent a response is required, DENIES that class certification is appropriate.

75. Defendant responds to the inclusive allegations of paragraph 75 consistent with the responses set forth above.

3645539.2

76. With respect to paragraph 76, ADMITS that Plaintiffs purport to represent themselves and a class of individuals, but DENIES that class certification is appropriate.

77. DENIES the allegations in paragraph 77.

78. DENIES the allegations in paragraph 78.

79. Paragraph 79 states a legal conclusion, which is neither admitted nor denied, but which is submitted to the Court.

80. DENIES the allegations in paragraph 80.

81. DENIES the allegations in paragraph 81.

82. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. DENIES the allegations in paragraph 83.

84. DENIES the allegations in paragraph 84.

85. DENIES the allegations in paragraph 85.

86. DENIES the allegations in paragraph 86.

87. DENIES the allegations in paragraph 87.

88. DENIES the allegations in paragraph 88.

89. With respect to paragraph 89, ADMITS that Plaintiffs seek to recover damages and equitable relief on behalf of themselves and a class of individuals, but DENIES that Plaintiffs or any purported class members are entitled to relief.

90. Defendant responds to the inclusive allegations of paragraph 90 consistent with the responses set forth above.

3645539.2

91. Paragraph 91 does not state factual allegations to which a response is required; but to the extent a response is required, DENIES that Plaintiffs are entitled to relief under any theory.

92. DENIES the allegations in paragraph 92.

93. DENIES the allegations in paragraph 93.

94. DENIES the allegations in paragraph 94.

95. DENIES KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations in paragraph 95.

96. With respect to paragraph 96, DENIES the allegations, except ADMITS that Plaintiffs paid certain tuition and fees to the University.

97. DENIES the allegations in paragraph 97.

98. DENIES the allegations in paragraph 98.

99. Defendant responds to the inclusive allegations of paragraph 99 consistent with the responses set forth above.

100. With respect to paragraph 100, ADMITS that Plaintiffs purport to represent themselves and a class of individuals, but DENIES that class certification is appropriate, and DENIES that Plaintiffs are entitled to relief under any theory.

101. DENIES the allegations in paragraph 101.

102. DENIES the allegations in paragraph 102.

103. DENIES the allegations in paragraph 103.

104. DENIES the allegations in paragraph 104.

105. DENIES the allegations in paragraph 105.

106. DENIES the allegations in paragraph 106.

3645539.2

107. DENIES the allegations in paragraph 107.

108. Defendant responds to the inclusive allegations of paragraph 108 consistent with the responses set forth above.

109. With respect to paragraph 109, ADMITS that Plaintiffs purport to represent themselves and a class of individuals, but DENIES that class certification is appropriate, and DENIES that Plaintiffs are entitled to relief under any theory.

110. DENIES the allegations in paragraph 110.

111. DENIES the allegations in paragraph 111.

112. DENIES the allegations in paragraph 112.

113. DENIES the allegations in paragraph 113.

114. DENIES the allegations in paragraph 114.

115. DENIES each and every other allegation not specifically admitted or otherwise responded to above.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

116. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

117. Plaintiffs (and any member of the putative class) have waived any objection to or acquiesced to the transition to the remote instruction by continuing their enrollment at Hofstra following the transition to remote instruction.

### THIRD DEFENSE

118. Hofstra fully performed all of its contractual obligations to Plaintiffs by continuing instruction in their chosen courses by Hofstra faculty, and by awarding Plaintiffs credit for their Spring 2020 semester courses when they completed the work, as is set forth in Plaintiffs' transcripts attached as **Exhibits J through O**.

### FOURTH DEFENSE

119. Hofstra fully performed all of its contractual obligations to any member of the putative class by continuing instruction in their chosen courses by Hofstra faculty, and by awarding them credit for their Spring 2020 Semester courses when they completed the work.

### FIFTH DEFENSE

120. Hofstra at all times acted reasonably and in good faith.

### SIXTH DEFENSE

121. The continuation of on-campus in-person instruction was rendered impossible by the global COVID-19 pandemic and by Executive Orders of the Governor of the State of New York.

### SEVENTH DEFENSE

122. Some or all of Plaintiffs' claims are subject to dismissal, *inter alia*, because they are duplicative of the breach of contract claim.

### EIGHTH DEFENSE

123. Plaintiffs (and any member of the putative class) have not suffered any damages.

3645539.2

## NINTH DEFENSE

124. In the event Plaintiffs (or any member of the putative class) have suffered damages, such damages were not caused by Hofstra.

## TENTH DEFENSE

125. Plaintiffs (and any member of the putative class) have failed to mitigate their damages, if any.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint, awarding it costs and disbursements and such other and further relief as is just and proper.

Dated: November 19, 2020                BOND, SCHOENECK & KING, PLLC

By: *s/ Suzanne M. Messer*
Suzanne M. Messer
Stephanie M. Campbell
*Attorneys for Defendant Hofstra University*
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000

14

3645539.2

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2020, the foregoing Answer, with Exhibits A – O were served via the Court's CM/ECF system to the following:

BURSOR & FISHER, P.A.
Joseph I. Marchese
Andrews J. Obergfell
888 Seventh Avenue
New York, NY 10019
jmarchese@bursor.com
aobergfell@bursor.com
HAGENS BERMAN SOBOL SHAPIRO LLP
Nathanial A. Tarnor
555 Fifth Avenue, Suite 1700
New York, NY 10017
nathant@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
Daniel J. Kurowski
Whitney K. Siehl
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
dank@hbsslaw.com
whitneys@hbsslaw.com
BERGER MONTAGUE PC
E. Michelle Drake
Joseph C. Hashmall
43 Southeast Main Street, Suite 505
Minneapolis, MN 55414
emdrake@bm.net
jhashmall@bm.net

BURSER & FISHER, P.C.
Sarah N. Westcot
2665 S. Bayshore Drive, Suite 200
Miami, FL 33133
swestcott@bursor.com

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman
1301 Second Avenue, Suite 20000
Seattle, WA 98101
steve@hbsslaw.com
BERGER MONTAGUE PC
Ellen T. Noteware
1818 Market Street, Suite 3600
Philadelphia, PA 19103
enoteware@bm.net

Dated: 11/19/20

_s/ Suzanne M. Messer_
Suzanne M. Messer

3645539.2