

One Lincoln Center | Syracuse, NY 13202-1355 | **bsk.com**

**SUZANNE MESSER, ESQ.**
smesser@bsk.com
P: 315.218.8628

February 23, 2021

<u>**VIA ELECTRONIC FILING**</u>

Honorable Gary R. Brown
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

Re:   *Migliore v. Hofstra University,* 2:20-cv-03671 (GRB-ARL)
      *Stellato v. Hofstra University,* 2:20-cv-01999 (GRB-ARL)

Dear Judge Brown:

We represent Defendant Hofstra University in the above-referenced matters. We submit this letter to request a pre-motion conference in anticipation of a motion for judgment on the pleadings pursuant to FRCP 12(c). Plaintiffs are Hofstra students who purport to represent classes of students alleging that they are entitled to refunds of tuition because, as a result of the COVID-19 pandemic, Hofstra transitioned to remote instruction. The complaints allege three causes of action: breach of contract, conversion and unjust enrichment.

The crux of Plaintiffs' claims is that they did not receive the full value of the contract that they entered with Hofstra. They allege that Hofstra promised to provide them with an "in-person educational experience," and failed to fulfill that promise in the Spring 2020 Semester.

A breach of contract claim by a student against a university must allege breach of a *specific* promise by the institution. *Papelino v. Albany Coll. of Pharm.*, 633 F.3d 81, 93 (2d Cir. 2011). Here, Plaintiffs' breach of contract claims fail because Plaintiffs do not identify a specific promise of in-person instruction particularly in the face of a pandemic and a state-mandated shutdown of the campus. Judge Kimba M. Wood (S.D.N.Y.) granted Fordham University's motion to dismiss a putative class action based upon allegations nearly identical to those in the Plaintiffs' complaints. *Hassan v. Fordham Univ.*, 20-cv-3265, 2021 WL 293255 (S.D.N.Y. Jan. 28, 2021). There, the alleged promise was that Fordham would provide "in-person educational services, experiences, opportunities, and other related services." *Id.*, at *5. Likewise, the *Migliore* complaint alleges that the University was required "to provide in-person educational services, experiences, opportunities, facilities, and other related services" (*Compl.*, ¶ 2), and the *Stellato* complaint alleges that Hofstra promised "in-person instruction and the loss of related access, benefits and services." *Compl.*, ¶ 1.

The plaintiff in *Fordham* alleged that Fordham's promise was contained in a catalog that identified course offerings, instructors, times, and location of courses, including the campus, building and room where each course was scheduled to occur, as well as in Fordham's marketing

Hon. Gary R. Brown
February 23, 2021
Page 2

materials.  Judge Wood held that none of the statements alleged by the plaintiff "constitutes a specific promise on Fordham's part to provide 'certain specified services,'" required for a viable breach of contract claim by a student against a higher education institution.  *Id.,* at *6.  Judge Wood also held that the plaintiff did not allege that Fordham acted arbitrarily or in bad faith.  Rather, Fordham's actions coincided with Governor Cuomo's executive orders, which declared a state of emergency and required Fordham to cease in-person classes.

Likewise, here, there is no statement alleged by Plaintiffs contained in Hofstra's bulletins or handbooks that promises the in-person instruction that Plaintiffs allege.  The similarities between the *Fordham* complaint and Plaintiffs' pleadings here cannot be denied, and Plaintiffs' breach of contract claims should be dismissed for the same reasons articulated by Judge Wood.  *See also Lindner v. Occidental Coll.*, 2020 WL 7350212 (C.D. Cal. Dec. 11, 2020); *Gociman v. Loyola Univ.*, 2021 WL 243573 (N.D. Ill. Jan. 25, 2021).

Plaintiffs' unjust enrichment claims should also be dismissed because they are nothing more than a restatement of their breach of contract claims. *Jeffers v. American Univ. of Antigua*, 125 A.D.3d 440, 443 (1st Dept. 2015) ("Plaintiffs' unjust enrichment claims are 'indistinguishable from [their] … claim[s] for breach of contract, and must be dismissed as duplicative of the contract claim[s]'" (citation omitted)).  Further, Plaintiffs have not alleged facts showing that "equity and good conscience" require a refund of tuition.  Hofstra closed its campus to protect the health of its students, faculty and staff during the pandemic, but continued to provide instruction and awarded Plaintiffs academic credit.  *Hassan*, 2021 WL 293255, at *10-12.

Plaintiffs' conversion claims are also subject to dismissal because Plaintiffs have not identified a "specific, identifiable fund" covering in-person instruction and could not "realistically argue that once that money was paid to defendant it remained intact, as opposed to pooling in with defendant's other funding." *Id.*, at *11.  For the same reasons, Plaintiffs here have not sufficiently pled the elements of conversion.

For the reasons discussed briefly above, Hofstra seeks leave to file a motion for judgment on the pleadings.  Hofstra further requests that the Court stay discovery until such time as a decision is rendered on this requested motion.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*s/Suzanne Messer*

Suzanne Messer

cc:  Counsel of Record (via ECF)