

**ELLEN T. NOTEWARE /** *SHAREHOLDER*
**p.** 215.875.3051 **m.** 215.888.0418 | enoteware@bm.net

July 2, 2021

<u>**Via Electronic Filing**</u>

Honorable Arlene R. Lindsay
United States Magistrate Judge
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

> **Re:** ***Stellato, et al. v. Hofstra University***
> ***Civil Action No.: 2:20-cv-01999-GRB-ARL***

Dear Judge Lindsay:

We represent Plaintiffs in the above-referenced case: Gabriel Stellato, Hannah Buckley, Rebekah Cohen, Imani Schulters, Miah Latvala, and Mikayla Fallon (collective Plaintiffs or the *Stellato* Plaintiffs), all of whom were students who paid tuition and fees to attend in-person classes at Hofstra University during the Spring 2020 and failed to receive any monetary refund after in-person classes were cancelled and campus was closed. We write in response to Defendant Hofstra University's request for a stay in discovery on June 29, 2021, which Plaintiffs oppose.

Hofstra seeks to stay discovery pending the outcome of a decision on a *second* Rule 12(c) motion, which Hofstra's counsel admitted to Plaintiffs' counsel would raise the very same arguments that Judge Brown already rejected when he denied Hofstra's first 12(c) motion. *See* April 14, 2021 Minute Order (ECF No. 25). This time, Hofstra relies on a purported disclaimer in the law school catalog as raised during oral argument on a 12(c) motion in the related *Migliore* matter, which is limited only to the law school. But this matter and the *Migliore* matter are not the same because the *Stellato* matter involves both undergraduate and law students. Therefore, even if Hofstra is somehow



Honorable Arlene R. Lindsay
July 2, 2021
Page 2

successful in persuading the Court that a purported disclaimer in the law school catalog saves it from liability, it does not affect undergraduate students and therefore cannot be dispositive of the *Stellato* action.

During a meet and confer in which Hofstra asked the *Stellato* Plaintiffs to agree to stay discovery in their case pending Judge Brown's ruling on Hofstra's (second) planned motion to dismiss this case, Plaintiffs asked Hofstra's counsel to identify the disclaimer provision which they claimed was applicable to Hofstra students other than those in Hofstra Law School. Hofstra's counsel was unable to identify such a provision. There is no good reason to stay all discovery where Hofstra has failed to identify any issues that are likely to dispose of the case.

It is well settled in the Second Circuit that "[t]he pendency of a dispositive motion is not, without more, grounds for an automatic stay." *Thomas v. New York City Dep't of Educ.*, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010). This principle is especially true where the basis for the stay is a motion that has already been denied by the Court. In determining whether a stay is appropriate, courts in this District look to three factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Rivera v. Inc. Vill. of Farmingdale*, 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007). None of the above factors weigh in favor of a stay.

<u>First</u>, Hofstra has not made a strong showing that the *Stellato* Plaintiffs' claims are unmeritorious. On the contrary, that Hofstra's 12(c) motion was already denied on the merits belies any such argument. Further, Hofstra has made no showing that its renewed motion even has the possibility of being dispositive of the *Stellato* action, as Hofstra's counsel admitted they hadn't identified, read, or analyzed any corresponding undergraduate disclaimer.

<u>Second</u>, Hofstra laments that it has to participate in discovery, but Plaintiffs' counsel have met and conferred with Defendant's counsel and have been working through discovery issues. Despite generalized grievances, Hofstra has not made any specific showing as to any undue burden in participating in discovery.



Honorable Arlene R. Lindsay
July 2, 2021
Page 3

        Third, there is no prejudice to either party in denying a stay pending resolution of a second round of motion practice on a motion that has already been denied.  Hofstra chose to file an answer rather than a pre-answer motion, which opened it up to discovery. Hofstra's 12(c) motion was then denied.  Discovery should proceed.


                                        Respectfully submitted,


                                        Ellen T. Noteware


ETN/cs
cc:  All counsel of record (via ECF)