UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIEL STELLATO, HANNAH BUCKLEY, REBEKAH COHEN, IMANI SCHULTERS, MIAH LATVALA, and MIKAYLA FALLON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>HOFSTRA UNIVERSITY,<br><br>                    Defendant. | **DEFENDANT'S SUPPLEMENTAL BRIEF**<br><br>Civil Action No. 2:20-cv-01999-GRB-ARL |

# DEFENDANT'S SUPPLEMENTAL BRIEF CONCERNING THE HOME STATE EXEMPTION TO CAFA JURISDICTION

BOND, SCHOENECK & KING, PLLC

*Attorneys for Defendant*
One Lincoln Center
Syracuse, NY  13202
Telephone: (315) 218-8628
Fax:  (315) 218-8100
Email:  smesser@bsk.com

14095763

**TABLE OF CONTENTS**

**Pages**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .............................................................................................................................. 1

   THE HOME STATE EXEMPTION REQUIRES DISMISSAL OF
   THIS ACTION ..................................................................................................................... 1

CONCLUSION ........................................................................................................................... 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cunningham v. Pret a Manager (USA) Ltd.*,
    19-cv-2322, 2020 WL 122835 (S.D.N.Y. Jan. 10, 2020) ...........................................................3

*Hulton v. Bayerische Staatsgemaldesammlungen*,
    346 F. Supp 3d 546 (S.D.N.Y. 2018) ........................................................................................3

*Tapinekis v. Pace Univ.*,
    2022 WL 1084750 (S.D.N.Y. Apr. 11, 2022) ............................................................................3

**Statutes**

28 U.S.C. 1332(a) ...........................................................................................................................3

28 U.S.C. §1332(d) .....................................................................................................................1, 2

28 U.S.C. § 1367 .............................................................................................................................3

## PRELIMINARY STATEMENT

Pursuant to the Court's May 12, 2022 Text Order, Defendant Hofstra University (the "University") submits this supplemental brief addressing the impact of the home state exemption (28 U.S.C. §1332(d)(4)(B)) to the Court's subject matter jurisdiction.

## ARGUMENT

**THE HOME STATE EXEMPTION REQUIRES DISMISSAL OF THIS ACTION**

The Consolidated Class Action Complaint (ECF Doc. No. 17 ("*Complaint*")) alleges that

> This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one Class Member is of diverse citizenship from one Defendant, there are more than 100 Class Members, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest, and costs.

*Complaint*, ¶ 17. Plaintiffs allege that they bring this action on behalf of the following Class:

> All persons who paid, on behalf of themselves or another, tuition or fees for on-campus programs at Hofstra University for the Spring 2020 semester.

*Id.*, ¶ 69.

On May 12, 2022, the Court issued the following Text Order:

> In order to help this Court evaluate its jurisdiction, the parties are directed to meet and confer and discuss how, if at all, the mandatory home state exemption to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(B), affects this matter. Parties are to file either a joint letter or supplemental briefs on the issue within 14 days of the date of this order.

The "home state exemption" requires a court to "decline to exercise jurisdiction" over cases alleging CAFA jurisdiction where:

> two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332 (d)(4)(B).

As directed, counsel for the parties conferred via telephone on May 16, 2022 concerning the applicability of the home state exemption to the Court's jurisdiction, which arose in this case pursuant to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d). Following the meet and confer phone call, the University provided information via email concerning the residencies of the members of the alleged class. *Declaration of Suzanne M. Messer, Esq.*, executed May 26, 2022 ("*Messer Decl.*"), at ¶ 3.

The University undertook to review the reported residencies of the members of the class Plaintiffs purport to represent using the University's Banner software system. Banner is an administrative software system that is widely used by higher educational institutions. According to records maintained by the University in the ordinary course of its business, more than 70% of the members of the proposed alleged class report mailing addresses within New York State:

> Hofstra Law Students:
>     Total Number of Law Students Enrolled: 782
>     Number of Law Students with a New York mailing address: 636
>
> Undergraduate Students:
>     Total Number of Undergraduate Students Enrolled: 6,039
>     Number of Undergraduate Students with a New York mailing address: 3,692
>
> Graduate Students:
>     Total Number of Graduate Students Enrolled: 2,860
>     Number of Graduate Students with a New York mailing address: 2,452

*Declaration of Evan Koegl*, at ¶ 2.[1]

Based on the above, in the aggregate, 70.03% of the proposed class resided in New York:

Total Number of Student of the Alleged Class: 9,681
Total Number of Students of the Alleged Class with a New York mailing address: 6,780

---

[1] As explained in the accompanying *Messer Declaration*, the University with supplement its filing as soon as possible with an executed *Koegl Declaration.*

**Percentage of Students of the Alleged Class[2] with a New York address: 70.03%**

It is our understanding that Plaintiffs will argue that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1) and 1367, because one of the named plaintiffs is a citizen of a State other than New York, and that there is no need to rely on CAFA for subject matter jurisdiction. However, Plaintiffs have brought this case as a purported class action. Indeed, they entitled their pleading as a "Consolidated Class Action Complaint," and allege that the Court has subject matter jurisdiction pursuant to CAFA. *Complaint*, ¶ 17. Accordingly, their current position cannot be reconciled with their pleading.

An action must be dismissed for lack of subject matter jurisdiction if the Court "lacks the statutory or constitutional power to hear it." *Cunningham v. Pret a Manager (USA) Ltd.*, 19-cv-2322, 2020 WL 122835, at *2 (S.D.N.Y. Jan. 10, 2020) (citing *Hulton v. Bayerische Staatsgemaldesammlungen*, 346 F. Supp 3d 546, 549 (S.D.N.Y. 2018)); *see also Tapinekis v. Pace Univ.*, 2022 WL 1084750 (S.D.N.Y. Apr. 11, 2022) (dismissing refund class action lawsuit where the Court no longer had subject matter jurisdiction). Here, pursuant to the "home state exemption," the Court "shall" decline to exercise jurisdiction over the alleged class action because more than two-thirds of the alleged class reside in New York State.

## **CONCLUSION**

For the foregoing reasons, the Complaint must be dismissed for lack of subject matter jurisdiction.

---

[2] The named plaintiffs are undergraduate students and one law student. It is the University's position that a class including graduate students is not appropriate, and that Plaintiffs cannot succeed in having such a class certified, *inter alia*, because none of the named plaintiffs can represent graduate students. Excluding graduate students from Plaintiffs' proposed class results in less than two-thirds (63.45%) of the members of such a class reporting addresses within New York.

3

Dated: May 26, 2022									BOND, SCHOENECK & KING, PLLC


											By:      *s/Suzanne Messer*
												Suzanne M. Messer
											*Attorneys for Defendant*
											Office and P.O. Address
											One Lincoln Center
											Syracuse, New York  13202-1355
											Telephone:  (315) 218-8000

14095763